Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Defendant, 177 OGB Realty LLC and 177 OPT Realty LLC

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | |
|---|---|
| Joshua Adams<br>Plaintiff(s)<br>v.<br>177 OGB Realty LLC, 177 OPT Realty LLC, and Chocolate Dip LLC<br>Defendant(s) | Docket No. 1:25-cv-05956-JHR<br><br>**ANSWER** |

.

------------------------------------------------------------- x

Defendant, 177 OGB Realty LLC and 177 OPT Realty LLC ("Landlord Defendants"), through

counsel, The Law Office of Avram E. Frisch LLC, answering the complaint say:

### JURISDICTION AND VENUE

1. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the Landlord Defendants deny the allegations of this Paragraph.

2. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the Landlord Defendants deny the allegations of this Paragraph.

### THE PARTIES

3. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age, residence, and medical conditions, and therefore deny the same.

4. Landlord Defendants admit that 177 OGB Realty LLC is a Florida limited liability company and is a co-owner of 177 Orchard Street, New York, NY 10002 ("Subject Premises").

5. Landlord Defendants admit that 177 OPT Realty LLC is a New York domestic limited liability company authorized to transact business in New York and is a co-owner of the Subject Premises.

6. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chocolate Dip LLC and therefore deny the same.

7. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the issuance of a Food Service Establishment Permit or the operations of Chocolate Dip LLC, and therefore deny the same.

8. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chocolate Dip LLC and therefore deny the same. Landlord Defendants are not in possession of the Subject Premises.

## FACTUAL ALLEGATIONS AND CLAIM

9. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises.  Landlord Defendants admit the existence of a concrete step, but deny that it was unnavigable or that any reasonably practical physical modification to the Subject Premises is feasible.  Landlord Defendants lack knowledge as to Chocolate Dip LLC's provision of a call button or buzzer.

10. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises.  Landlord Defendants admit the existence of a concrete step, but deny that it was unnavigable or that any reasonably practical physical modification to the Subject Premises is feasible.  Landlord Defendants lack knowledge as to Chocolate Dip LLC's provision of a portable ramp.  Landlord Defendants deny allegations that they promulgated any prejudicial policy, or that they engaged in any deliberate or wanton indifference to the Plaintiff's civil rights.

11. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises.

12. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises.  Landlord Defendants, however, deny any discrimination.

13. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises. Landlord Defendants, however, deny any discrimination.

14. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises.

15. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises.

16. Landlord Defendants admit that the cited regulations exist, but deny any allegation that they have violated such regulations.

17. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Landlord Defendants deny the allegations of this Paragraph.

18. Landlord Defendants deny the allegations of this Paragraph.

19. Landlord Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visits to the Subject Premises but deny that Plaintiff has suffered or will suffer harm as alleged, and further deny that any such alleged injuries are attributable to Defendants or the existence of any continuing barriers or discriminatory policies at the Subject Premises.

## **COUNT I: VIOLATION OF TITLE III OF THE ADA**

20. Landlord Defendants repeat and reallege their responses to all prior paragraphs as if fully set forth herein.

21. Landlord Defendants deny they have discriminated against Plaintiff or others with disabilities or failed to provide full and equal enjoyment of the Subject Premises.

22. Landlord Defendants deny that they have failed to remove architectural barriers where "readily achievable" and deny any ongoing noncompliance.

23. Landlord Defendants deny that they have failed to remove architectural barriers where "readily achievable" and deny any ongoing noncompliance.

24. This Paragraph is not directed at Landlord Defendants, and no response is required.

25. Landlord Defendants deny that Plaintiff's access to the Subject Premises is hindered by physical barriers or unsafe conditions and deny any violation of the ADA as to all allegations in this section.

26. Landlord Defendants deny that Plaintiff has been denied "full and equal enjoyment" of the Subject Premises due to any conduct or omission of these Defendants.

27. Landlord Defendants admit that Plaintiff claims to be a disability advocate. They deny the remaining allegations of this Paragraph.

28. Landlord Defendants admit that Plaintiff claims to be a disability advocate. They deny the remaining allegations of this Paragraph.

29. Landlord Defendants deny the allegations of this Paragraph.

30. Landlord Defendants deny that Plaintiff is entitled to any form of injunctive relief, attorney's fees, costs, or other relief.

## RELIEF SOUGHT

31. Landlord Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint, including but not limited to a permanent injunction, order to alter the Subject Premises, closing of the premises, or attorneys' fees, costs, and expenses.

32. Landlord Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint, including but not limited to a permanent injunction, order to alter the Subject Premises, closing of the premises, or attorneys' fees, costs, and expenses.

33. Landlord Defendants deny the allegations of this Paragraph.

34.

## GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation set forth in the Amended Complaint, including all allegations in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's claim is barred for lack of standing. Plaintiff is not actually interested in the restaurant and is simply engaged in marketing for his social media profile.

### Second Affirmative Defense

The Plaintiff's claim is barred because of the Plaintiff's failure to add indispensable parties.

### Third Affirmative Defense

The Plaintiff's claim is barred because of the doctrine of unclean hands.

**Fourth Affirmative Defense**

Plaintiff lacks standing to seek relief under Title III of the ADA for himself, and all persons similarly situated, with respect to conditions that do not affect his disability.

**Fifth Affirmative Defense**

Plaintiff lacks standing to seek injunctive relief because he is under no threat of imminent harm.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of limitations.

**Seventh Affirmative Defense**

Defendant did not design or construct the property at issue in the Complaint.

**Eighth Affirmative Defense**

Any and all alterations that were made to the premises after January 26, 1992 were made so that, to the maximum extent feasible, the altered portion of the premises, if any, are readily accessible to, and usable by, individuals with disabilities. To the extent any such alterations are not readily accessible and usable by individuals with disabilities, it was not feasible to make them so.

**Ninth Affirmative Defense**

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint is structurally impracticable and/or technically infeasible.

**Tenth Affirmative Defense**

The removal of the alleged access barriers complained of in the Complaint, if any, is not readily achievable or that modifications can be accomplished "without significant difficulty or expense," as defined by law.

**Eleventh Affirmative Defense**

Failure to state a claim upon which relief can be granted.

**Twelfth Affirmative Defense**

The premises provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities, and services.

**Thirteenth Affirmative Defense**

To the extent any alterations were made to the premises triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

**Fourteenth Affirmative Defense**

Assuming, arguendo, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed relevant to this case, any deviations from those guidelines are de minimis and within construction and/or manufacturing tolerances.

**Fifteenth Affirmative Defense**

To the extent that Plaintiff was not provided with full and equal accommodations, advantages, facilities, or privileges of services, it was because Plaintiff failed to provide sufficient notice of the need and sufficient opportunity to do so.

**Sixteenth Affirmative Defense**

Plaintiff cannot recover for any violations he did not personally encounter on a particular occasion and which have not deterred any desire for access.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred to the extent that federal, state, or local laws, including zoning and landmark ordinances, prohibit the physical modifications sought.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred to the extent that accommodating Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, benefits and/or accommodations offered to the public and/or result in an undue burden.

### Nineteenth Affirmative Defense

Plaintiff has failed to take any reasonable steps to mitigate, alter or otherwise reduce his alleged damages, including attorneys' fees, expenses and costs. Thus, any damages and/or fees, expenses and costs awarded to Plaintiff should be reduced accordingly.

### Twentieth Affirmative Defense

Plaintiff has not suffered any damages as a result of any actions taken and/or not taken by Defendant, or its agents, and Plaintiff is thus barred from asserting any claims for relief against Defendant.

### Twenty First Affirmative Defense

To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

### Twenty Second Affirmative Defense

To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the excessive fines clause of the Eighth Amendment of the Constitution of the United States.

### Twenty Third Affirmative Defense

Plaintiff's claims are barred to the extent they seek to impose upon Defendant obligations for which Defendant is not legally responsible.

**Twenty Fourth Affirmative Defense**

Plaintiff's claims fail to the extent implementation of the requested alteration would pose a direct threat to the health and safety of others, including Plaintiff.

**Twenty Fifth Affirmative Defense**

Plaintiff is not entitled to recover attorneys' fees for moot claims under *Buckhannon Bd. & Care Home v. West Virginia Dept. Of Health And Human Resources*, 532 U.S. 598 (2001)

## CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNITY AGAINST CO-DEFENDANTS

1. Any injuries and damages sustained by Plaintiff as a result of the allegations described in the Complaint were sustained in whole or in part by reason of the negligence or other breach of duty of the co-defendant.

2. If it is determined that Landlord Defendants are liable in any degree to the Plaintiff, whether because of negligence or any other reason, Landlord Defendants are entitled to have the liability apportioned among the defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

**PRAYER FOR RELIEF**

Wherefore, the Landlord Defendants respectfully request that this court:

1. Dismiss the complaint with prejudice,
2. Grant judgment against the Co-Defendant, Chocolate Dip LLC for any sums deemed payable to the Plaintiff,
3. Award the Defendant the costs and expenses of this Action,
4. Order all other relief deemed equitable by the court.

|  |  |
|---|---|
|  | **THE LAW OFFICE OF AVRAM E. FRISCH LLC** |
| Hackensack, New Jersey<br>Dated: August 26, 2025 | /s/ Avram E. Frisch<br>Avram E. Frisch, Esq.<br>1 University Plaza, Suite 119<br>Hackensack, NJ 07601<br>201-289-5352<br>frischa@avifrischlaw.com<br>*Attorney for Landlord Defendants* |

## **JURY DEMAND**

Landlord Defendants hereby demand a jury for all issues so triable.

Hackensack, New Jersey
Dated: August 26, 2025

**THE LAW OFFICE OF AVRAM E. FRISCH  LLC**

/s/ Avram E. Frisch _____
Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
*Attorney for Landlord Defendants*